UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:20-cv-08021-FMO-MAA                                                    Date:  September 17, 2020

Title:   Eric Shane Silveira v. Jane Gastelo

Present:   The Honorable MARIA A. AUDERO, United States Magistrate Judge

|  James Muñoz  | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings (In Chambers):**   Order to Show Cause Why the Petition Should Not Be Summarily Dismissed for Lack of Habeas Jurisdiction

**Background**

On August 31, 2020, the Court received and filed Petitioner Eric Shane Silveira's ("Petitioner") *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Petition"). (Pet., ECF No. 1.)  Petitioner alleges one ground for federal habeas relief:  that he was denied due process during August 2019 disciplinary proceedings for refusing to accept assigned housing, in violation of California Code of Regulations Title 15, section 3005(c).  (*Id.*, at 5–8.)  Specifically, Petitioner claims that the disciplinary hearing officer deprived him of the opportunity to call witnesses and present evidence in his favor.  (*Id.*, at 6–7.)

Petitioner argues that he has a state-created right to "favorable points at six-month intervals for satisfactory behavior while in prison," which may only be forfeited for "serious misbehavior." (*Id.*, at 7–8 (citing Cal. Code Regs. tit. 15, § 3375.4(a))).  He further argues that the Fourteenth Amendment's Due Process Clause protects him against arbitrary deprivation of this state-created interest.  (*Id.*, at 8–9 (citing *Edwards v. Balisok*, 520 U.S. 641, 646–47 (1997)).)  However, Petitioner does not explicitly seek to restore any favorable points.  (*See* Pet.)  Instead, Petitioner simply requests "all relief to which I am entitled in this proceeding."  (*Id.*, at 9.)  Petitioner also does not explain how the challenged disciplinary violation has affected his parole eligibility or release date.  (*See* Pet.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:20-cv-08021-FMO-MAA                                          Date:  September 17, 2020

Title:   Eric Shane Silveira v. Jane Gastelo, 2:20-cv-08021-FMO-MAA

**Discussion**

  Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires summary dismissal of federal habeas petitions "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

  "Federal law opens two main avenues to relief on complaints related to imprisonment:  a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Statute § 1979, as amended, 42 U.S.C. § 1983.  Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 action." *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam) (citations omitted).

  When success on a petitioner's claims "would not necessarily lead to his immediate or earlier release from confinement," those claims do not fall within the "core of habeas corpus."  *Nettles v. Grounds*, 830 F.3d 922, 935 (9th Cir. 2016) (en banc).  If a claim "does not lie at 'the core of habeas corpus,'" then "it may not be brought in habeas corpus." *Id.* at 934 (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973)).

  Challenges to a disciplinary proceeding may or may not give rise to a habeas corpus claim, depending on whether the expungement of the challenged disciplinary violation and restoration of good time credits would necessarily lead to a prisoner's earlier release.  *See Nettles*, 830 F.3d at 934–35; *see also, e.g., Brown v. Montgomery*, No. 19-cv-2021-CAB(WVG), 2020 U.S. Dist. LEXIS 146162, at *15–17 (S.D. Cal. Aug. 13, 2020) (noting that "the loss of good-time credits does not automatically bring a case within the core of habeas corpus" and holding that the court lacked jurisdiction over petitioner's challenge because his success on the merits would not advance his parole eligibility date).

  In *Nettles*, "[u]nder California law and the circumstances of Nettle's case," the parole board could deny parole even if Nettles succeeded in expunging the challenged disciplinary violation and restoring his good time credits.  *Id.* at 935.  Thus, the Ninth Circuit held that "[b]ecause success on Nettles's claims would not necessarily lead to his immediate or earlier release from confinement, Nettles's claim does not fall within 'the core of habeas corpus,' and he must instead bring his claim under § 1983." *Id.* (quoting *Skinner v. Switzer*, 562 U.S. 521, 535 n.13 (2011)).  By contrast, in *Preiser*, the Supreme Court held that a group of prisoners were required to bring their challenges to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:20-cv-08021-FMO-MAA                                                                 Date:  September 17, 2020

Title:     Eric Shane Silveira v. Jane Gastelo, 2:20-cv-08021-FMO-MAA

disciplinary violations in habeas corpus proceedings instead of a 42 U.S.C. § 1983 action because restoration of the forfeited good time credits would result in the prisoners' "immediate release from physical custody."  *Preiser*, 411 U.S. at 487.

The Court presently does not have sufficient information to determine whether Petitioner's claim falls within the core of habeas corpus.  *See Nettles*, 830 F.3d at 934–35.  Petitioner has not provided any information regarding his criminal conviction and sentence, expected release date, or the effect of the challenged disciplinary violation on such release date.  (*See* Pet.)  Without such information, the Court cannot determine whether Petitioner's success in expunging the challenged disciplinary violation and restoring any lost good time credits or favorable points would necessarily lead to his earlier release.  *See id.*

Accordingly, the Court **ORDERS** Petitioner to respond in writing by no later than **October 19, 2020**.  Petitioner's response may take the form of either (1) a First Amended Petition or (2) a memorandum explaining why Petitioner's current claims entitle him to habeas relief.  Either way, Petitioner's response must clarify the relief he seeks and explain how this relief will necessarily result in his earlier release from confinement.

Instead of filing a response to this Order, Petitioner may dismiss this action voluntarily pursuant to Federal Rule of Civil Procedure 41(a).  The Clerk is directed to attach Form CV-09 (Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c)).

**Petitioner is expressly cautioned that failure to respond to this Order by October 19, 2020 will result in a recommendation that the Petition be summarily dismissed for lack of jurisdiction, and for failure to prosecute and failure to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b).**

It is so ordered.

Attachments
Form CV-09 (Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c))