UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:20-cv-08021-FMO-MAA                                      Date:  November 23, 2020

Title:   Eric Shane Silveira v. Jane Gastelo, 2:20-cv-08021-FMO-MAA

Present:   The Honorable MARIA A. AUDERO, United States Magistrate Judge

| James Muñoz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings (In Chambers):**   Second Order to Show Cause Why the Petition Should Not Be Summarily Dismissed for Lack of Habeas Jurisdiction; Option to Convert to Civil Rights Action

### Background

On August 31, 2020, the Court received and filed Petitioner Eric Shane Silveira's ("Petitioner") *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Petition"). (Pet., ECF No. 1.)  Petitioner alleges one ground for federal habeas relief:  that he was denied due process during August 2019 disciplinary proceedings for refusing to accept assigned housing, in violation of California Code of Regulations Title 15, section 3005(c). (*Id.*, at 5–8.)  Specifically, Petitioner claims that the disciplinary hearing officer deprived him of the opportunity to call witnesses and present evidence in his favor. (*Id.*, at 6–7.)

Petitioner argues that he has a state-created right to "favorable points at six-month intervals for satisfactory behavior while in prison," which may only be forfeited for "serious misbehavior." (*Id.*, at 7–8 (citing Cal. Code Regs. tit. 15, § 3375.4(a))).  He further argues that the Fourteenth Amendment's Due Process Clause protects him against arbitrary deprivation of this state-created interest. (*Id.*, at 8–9 (citing *Edwards v. Balisok*, 520 U.S. 641, 646–47 (1997)).)  However, Petitioner does not explicitly seek to restore any favorable points. (*See* Pet.)  Instead, Petitioner simply requests "all relief to which I am entitled in this proceeding." (*Id.*, at 9.)  Petitioner also does not explain how the challenged disciplinary violation has affected his parole eligibility or release date. (*See* Pet.)

On September 17, 2020, the Court ordered Petitioner to show cause why the Petition should not be summarily dismissed for lack of habeas jurisdiction, noting that it did not have sufficient

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:20-cv-08021-FMO-MAA                                         Date:  November 23, 2020

Title:    Eric Shane Silveira v. Jane Gastelo, 2:20-cv-08021-FMO-MAA

information at that time to determine whether Petitioner's claims fell within the core of habeas. ("September 17 Order").  (Sept. 17, 2020 Or., ECF No. 6.)

On October 9, 2020, the Court received and filed Petitioner's document entitled "Petitioner's Memorandum Explaining Why Petitioner's Current Claims Entitle Him to Habeas Relief," which the Court construes as Petitioner's Response to the September 17 Order.  (Response, ECF No. 9.)

**Discussion**

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires summary dismissal of federal habeas petitions "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

"Federal law opens two main avenues to relief on complaints related to imprisonment:  a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Statute § 1979, as amended, 42 U.S.C. § 1983.  Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 action."  *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam) (citations omitted).

When success on a petitioner's claims "would not necessarily lead to his immediate or earlier release from confinement," those claims do not fall within the "core of habeas corpus."  *Nettles v. Grounds*, 830 F.3d 922, 935 (9th Cir. 2016) (en banc).  If a claim "does not lie at 'the core of habeas corpus,'" then "it may not be brought in habeas corpus."  *Id.* at 934 (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973)).

Challenges to a disciplinary proceeding may or may not give rise to a habeas corpus claim, depending on whether the expungement of the challenged disciplinary violation and restoration of good time credits necessarily would lead to a prisoner's earlier release.  *See Nettles*, 830 F.3d at 934–35; *see also, e.g., Brown v. Montgomery*, No. 19-cv-2021-CAB(WVG), 2020 U.S. Dist. LEXIS 146162, at *15–17 (S.D. Cal. Aug. 13, 2020) (noting that "the loss of good-time credits does not automatically bring a case within the core of habeas corpus," and holding that the court lacked jurisdiction over petitioner's challenge because his success on the merits would not advance his parole eligibility date).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:20-cv-08021-FMO-MAA                                                                    Date:  November 23, 2020

Title:    Eric Shane Silveira v. Jane Gastelo, 2:20-cv-08021-FMO-MAA

     In *Nettles*, "[u]nder California law and the circumstances of Nettle's case," the parole board could deny parole even if Nettles succeeded in expunging the challenged disciplinary violation and restoring his good time credits.  *Id.* at 935.  Thus, the Ninth Circuit held that "[b]ecause success on Nettles's claims would not necessarily lead to his immediate or earlier release from confinement, Nettles's claim does not fall within 'the core of habeas corpus,' and he must instead bring his claim under § 1983." *Id.* (quoting *Skinner v. Switzer*, 562 U.S. 521, 535 n.13 (2011)).  By contrast, in *Preiser*, the Supreme Court held that a group of prisoners were required to bring their challenges to disciplinary violations in habeas corpus proceedings instead of a 42 U.S.C. § 1983 action because restoration of the forfeited good time credits would result in the prisoners' "immediate release from physical custody." *Preiser*, 411 U.S. at 487.

     Petitioner's Response states that he presently is serving a determinate sentence of twenty-four years in state prison. (Response 4.)  Petitioner alleges that he suffered the following consequences as a result of the 2019 disciplinary conviction:

        (1) Loss of ninety days of good time credits (which were later restored);
        (2) Thirty-seven days in administrative segregation on "disciplinary status";
        (3) Loss of his job as a plumber, which paid $0.50 per hour;
        (4) "[E]levation of placement score by six points and surrender of six points earned for a total of placement points lost pushing Petitioner to a level III higher security yard with no rehabilitation programs pertaining to his controlling offense of [Cal. Penal Code § 288(b)(1), as opposed to a level II yard that [does] provide for such programs;"
        (5) Petitioner's "Youth Offender Parole" (YOP)[1] hearing was pushed from August 21, 2020 to October 2020, and now to April 2021.

*Id.* at 2.  Petitioner concedes that the ninety days of good time credits that he lost as a result of his 2019 disciplinary violation already have been restored, "returning [Petitioner] to his previous state with regard to his" release eligibility date. (*Id.* at 4–5.)  Although Petitioner takes issue with the postponement of his YOP hearing to April 2021 and argues that he likely would have been released

---

[1] California Penal Code section 3501 provides for a youth offender parole hearing by the Board of Parole Hearings for the purpose of reviewing the parole suitability of certain prisoners who were under twenty-three years of age at the time of the controlling offense.  Cal. Penal Code § 3501(a)(1).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:20-cv-08021-FMO-MAA                              Date:  November 23, 2020

Title:    Eric Shane Silveira v. Jane Gastelo, 2:20-cv-08021-FMO-MAA

at the August or October 2020 hearings, it is not clear that the hearing postponements were a result of the disciplinary conviction.  (*See id.*)

Petitioner has failed to establish that his claims fall within the core of habeas corpus.  *See Nettles*, 830 F.3d at 934–35; *see also Brown*, 2020 U.S. Dist. LEXIS 146162, at *16–17 (noting that "since prison officials have already restored the 180-day good time credit forfeiture, vacating the conviction would have no impact whatsoever on Petitioner's release date.").  Petitioner's August 2020 and October 2020 YOP hearing dates have already passed, and he has not shown that vacating his 2019 disciplinary conviction necessarily would result in an earlier YOP hearing date or in Petitioner's release at his YOP hearing.  Moreover, district courts in the Ninth Circuit have dismissed habeas claims seeking YOP hearings as falling outside the core of habeas corpus under *Nettles*.  *See, e.g., Knight v. Spearman*, No. 2:19-cv-1633 KJM KJN P, 2020 U.S. Dist. LEXIS 123644, at *8 (E.D. Cal. July 14, 2020) ("Because any relief would not necessarily result in petitioner's immediate or accelerated release from prison, any alleged claim regarding his entitlement to have a juvenile offender hearing or create a record of his youth factors is not cognizable on federal habeas.").

The Court generally has discretion to construe a habeas petition as a civil rights complaint.  *See Wilwording v. Swenson*, 404 U.S. 249, 251 (1971), *superseded by statute on other grounds as stated in Woodford v. Ngo*, 548 U.S. 81, 84 (2006); *Nettles*, 830 F.3d at 936 ("[A] district court may construe a petition to plead a cause of action under [42 U.S.C.] § 1983 after notifying and obtaining informed consent from the prisoner.").  However, it is not clear that such recharacterization would be appropriate in this case.

*First*, Petitioner has not authorized the $350 filing fee for a civil rights case to be deducted from his prison trust account pursuant to 28 U.S.C. § 1915(b).  The Court cannot presume that Petitioner would continue to pursue this action if he knew he ultimately would be obliged to pay the $350 filing fee regardless of the outcome of his case.

*Second*, the Court would be obligated to screen the converted Petition under 28 U.S.C. § 1915A to determine whether the complaint is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  If the converted Petition ultimately were to be dismissed on the basis that it is frivolous, malicious, or fails to state a claim, that dismissal would count as a "strike" against Petitioner with respect to 28 U.S.C. § 1915(g), which provides that a prisoner who has three "strikes" may not bring an action or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:   2:20-cv-08021-FMO-MAA                                                         Date:  November 23, 2020

Title:      Eric Shane Silveira v. Jane Gastelo, 2:20-cv-08021-FMO-MAA

appeal without prepayment of the full filing fee "unless the prisoner is under imminent danger of serious physical injury."

*Third*, it is not in the interest of judicial economy to convert the Petition to a federal civil rights complaint at this time because the case would require additional court resources to deal with the issues created by the different filing fees, the absence of information called for by the civil rights complaint form utilized in this district, and the potential service issues relative to individuals whose conduct may be in issue.

However, out of consideration for Petitioner's *pro se* status, the Court **ORDERS** Petitioner to respond in writing by no later than **December 24, 2020.**  Petitioner may instruct the Court that he wishes to pursue his claims in a civil rights action.  If so, he must file a civil rights complaint and a new request to proceed *in forma pauperis* that includes Petitioner's inmate trust account statements and authorization to deduct the $350 filing fee for civil rights actions.  The Clerk is directed to attach the following forms, which Petitioner must use if he chooses to exercise this option: (1) Form CV-66 ("Civil Rights Complaint") and (2) Form CV-60P ("Request to Proceed In Forma Pauperis with Declaration in Support").  Alternatively, Petitioner may instruct the Court that he wishes to continue in habeas.  In that case, the Court will consider the matter submitted and will issue an order addressing Petitioner's claims.

Instead of filing a response to this Order, Petitioner may request to dismiss this action voluntarily pursuant to Federal Rule of Civil Procedure 41(a).  The Clerk is directed to attach Form CV-09 (Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c)) to this Order to Show Cause.

**Petitioner is expressly cautioned that failure to respond to this Order by December 24, 2020 will result in a recommendation that the Petition be summarily dismissed for lack of jurisdiction, and for failure to prosecute and failure to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b).**

It is so ordered.

Attachments
Form CV-09 (Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c))

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:20-cv-08021-FMO-MAA                                             Date:  November 23, 2020

Title:      Eric Shane Silveira v. Jane Gastelo, 2:20-cv-08021-FMO-MAA

Form CV-60P (Request to Proceed without Prepayment of Filing Fees with Declaration in Support)

Form CV-66 (Civil Rights Complaint)