UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:20-cv-08021-FMO-MAA                                         Date: February 1, 2021

Title:   Eric Shane Silveira v. Jane Gastelo

Present:   The Honorable MARIA A. AUDERO, United States Magistrate Judge

|  James Muñoz  |  N/A  |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| N/A | N/A |

**Proceedings (In Chambers):**   Order to Show Cause Why the Petition Should Not Be Dismissed for Failure to Prosecute

**Background**

      On August 31, 2020, the Court received and filed Petitioner Eric Shane Silveira's ("Petitioner") *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Petition"). (Pet., ECF No. 1.)  Petitioner alleges one ground for federal habeas relief:  that he was denied due process during August 2019 disciplinary proceedings for refusing to accept assigned housing, in violation of California Code of Regulations Title 15, section 3005(c).  (*Id.* at 5–8.)  Specifically, Petitioner claims that the disciplinary hearing officer deprived him of the opportunity to call witnesses and present evidence in his favor.  (*Id.* at 6–7.)

      Petitioner argues that he has a state-created right to "favorable points at six-month intervals for satisfactory behavior while in prison," which may only be forfeited for "serious misbehavior." (*Id.* at 7–8 (citing Cal. Code Regs. tit. 15, § 3375.4(a))).  He further argues that the Fourteenth Amendment's Due Process Clause protects him against arbitrary deprivation of this state-created interest.  (*Id.*, at 8–9 (citing *Edwards v. Balisok*, 520 U.S. 641, 646–47 (1997)).)  However, Petitioner does not explicitly seek to restore any favorable points.  (*See* Pet.)  Instead, Petitioner simply requests "all relief to which I am entitled in this proceeding." (*Id.* at 9.)  Petitioner also does not explain how the challenged disciplinary violation has affected his parole eligibility or release date.  (*See* Pet.)

      On September 17, 2020, the Court ordered Petitioner to show cause why the Petition should not be summarily dismissed for lack of habeas jurisdiction, noting that it did not have sufficient

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:20-cv-08021-FMO-MAA                              Date:  February 1, 2021

Title:    Eric Shane Silveira v. Jane Gastelo

information at that time to determine whether Petitioner's claims fell within the core of habeas. ("September 17 Order").  (Sept. 17, 2020 Or., ECF No. 6.)

On October 9, 2020, the Court received and filed Petitioner's document entitled "Petitioner's Memorandum Explaining Why Petitioner's Current Claims Entitle Him to Habeas Relief," which the Court construed as Petitioner's Response to the September 17 Order.  (Response, ECF No. 9.)

On November 23, 2020, after reviewing Petitioner's Response, the Court issued an order ruling that Petitioner's claims do not fall within the core of habeas corpus and providing Petitioner with the opportunity to convert these proceedings to a civil rights action ("November 23 Order"). (Nov. 23, 2020 Or., ECF No. 11.)  The Court informed Petitioner that his failure to respond by December 24, 2020 would result in a recommendation that the Petition be dismissed for lack of habeas jurisdiction, and for failure to prosecute and failure to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b).  (*Id.* at 5.)

To date, Petitioner has not responded to the November 23 Order as required.  Thus, Petitioner is **ORDERED TO SHOW CAUSE** by no later than **March 3, 2021** why the Court should not recommend that the case be dismissed for failure to prosecute.  *See* Fed. R. Civ. P. 41(b); C.D. Cal. L.R. 41-1, 41-6.

**Petitioner expressly is cautioned that failure to respond to this Order by March 3, 2021 will result in a recommendation that the Petition be dismissed without prejudice for failure to prosecute and failure to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b).**

It is so ordered.

Attachment:

November 23, 2020 Order (ECF No. 11)